UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

|  |  |
|---|---|
| Caritas Technologies, Inc., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2-05CV-339 |
| ) | |
| v. ) | |
| ) | |
| Comcast Corporation, ) | |
| ) | |
| Defendant. ) | |

## ADDENDUM TO PROTECTIVE ORDER RELATING TO THIRD PARTIES CEDAR POINT COMMUNICATIONS, INC. AND CISCO SYSTEMS, INC.

This Protective Order Addendum is issued to facilitate document disclosure and production of third-party information under the Protective Order entered by this Court (the "Court") on January 5, 2006.

Article 1. Definitions. In addition to the terms defined in the Protective Order, the following term has the meaning set forth:

"Third Party Confidential Information" is information that is contained in (i) Discovery Materials supplied by Cedar Point Communications, Inc., whose place of business is in New Hampshire ("Cedar Point"), or Cisco Systems, Inc., whose place of business is in California ("Cisco") in response to a subpoena served upon Cedar Point or Cisco (the "Subpoena"), and that Cedar Point or Cisco marks confidential pursuant to the Protective Order and this Protective Order Addendum, as well as (ii) Confidential Material produced by Comcast that refers to technical, financial, or other non-public Cedar Point or Cisco information.

Article 2. Protective Order Governs. Caritas's and Comcast's use of Third Party Confidential Information shall be governed by the terms of the Protective Order, and by the additional terms set forth in this Protective Order Addendum.

Article 3. Use In Litigation. Third Party Confidential Information shall not be disclosed to any employee of Caritas under paragraph 6 of the Protective Order. In the event that Third Party Confidential Information is to be used or cited in any context in which individuals other than Qualified Persons under Section 6 of the Protective Order are present (with "party" or "parties" as used in Section 6 limited to Caritas and Comcast), including at depositions, hearings, or at trial at which such other individuals may be present as witnesses, by appearance, or otherwise, Caritas and Comcast shall take

measures necessary to ensure that the information is not disclosed to such individuals, consistent with the requirements of Section 10 of the Protective Order. Caritas and Comcast shall undertake to mark as confidential those transcript pages of any deposition taken in this action that make reference to Third Party Confidential Information; Caritas and Comcast shall do so within the time period required under Section 2(c) of the Protective Order (or after such period may be extended by agreement of the parties or court order) for the parties to designate transcript pages as confidential. Comcast shall take initial responsibility for marking as confidential those transcript pages that make reference to Third Party Confidential Information.

Article 4. New Party to Lawsuit. Caritas and Comcast will provide written notice to Cedar Point and Cisco in the event that a party, other than an entity affiliated with Comcast, is added to this action upon such addition and at least ten business days before any intended disclosure by Caritas or Comcast to such added party of Third Party Confidential Information. Such notice shall include that new party's written agreement to the terms of the Protective Order and this Protective Order Addendum. If, before the lapse of ten business days from Caritas's or Comcast's delivery of the written notice, Cedar Point or Cisco objects by written notice to the disclosure of its respective Third Party Confidential Information to such party, notwithstanding the restrictions upon such disclosure provided by the Protective Order, Caritas and Comcast shall make no such disclosure to said party. If no objection is made within that period, the information may be disclosed to the added party.

Article 5. Disclosure to Expert. Caritas and Comcast shall provide to Cedar Point and Cisco the "written statement" (described in Section 8 of the Protective Order) regarding any expert to whom Caritas or Comcast proposes to disclose Third Party Confidential Information, at least ten business days before any such disclosure. If, before the lapse of ten business days from Caritas's or Comcast's delivery of the written statement, Cedar Point or Cisco objects by written notice to the disclosure of such information to said expert, Caritas and Comcast shall make no such disclosure to said expert, and Cedar Point or Cisco shall be obliged, within five business days of its objection, to move the Court for an order denying such disclosure. If no motion is made within that period, the objection shall be deemed withdrawn, and the information may be disclosed to said expert.

Article 6. Modifications to Protective Order. If any party requests that the Court modify the terms of the Protective Order, that party shall provide written notice of the proposed modification to Cedar Point and Cisco, and Cedar Point or Cisco shall have the right to object to the extent the proposed modification would apply to the protection or treatment of its respective Third Party Confidential Information.

Article 7. Venue and Governing Law. Except for any motion that Cedar Point may make under Article 5, any proceeding that Caritas, Comcast or Cedar Point sees fit to commence relating to Cedar Point's compliance with the Subpoena or enforcement of the Protective Order or this Protective Order Addendum, as pertains to Third Party Confidential Information produced or withheld by Cedar Point in response to the

Subpoena (including but not limited to any proceeding regarding any alleged violation of the Protective Order or any proceeding under any section of the Protective Order or this Protective Order Addendum) shall be instituted in the United States District Court for the District of New Hampshire. Likewise, except for any motion that Cisco may make under Article 5, any proceeding that Caritas, Comcast or Cisco sees fit to commence relating to Cisco's compliance with the Subpoena or enforcement of the Protective Order or this Protective Order Addendum, as pertains to Third Party Confidential Information produced or withheld by Cisco in response to the Subpoena (including but not limited to any proceeding regarding any alleged violation of the Protective Order or any proceeding under any section of the Protective Order or this Protective Order Addendum) shall be instituted in the United States District Court for the Northern District of California.

Article 8. Notices. Any written notice to be given under this Agreement shall be made by both e-mail and first class mail to the addresses set forth below or such other address that either party may designate in writing to the other.

If to Caritas:

jleeman@bromsun.com

and

Joel R. Leeman, Esq.
Bromberg & Sunstein LLP
125 Summer Street
Boston, MA 02110

If to Comcast:

abhansali@kvn.com

and

Asim M. Bhansali, Esq.
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111

If to Cedar Point:

dwinston@choate.com

and

Daniel C. Winston, Esq.
Choate, Hall & Stewart LLP

3

Two International Place
Boston, MA 02110

If to Cisco:

samir.bhavsar@bakerbotts.com

and

Samir A. Bhavsar, Esq.
Baker Botts LLP
2001 Ross Avenue
Dallas, TX 75201

Article 9. <u>Waiver</u>. Waiver by either party of any breach of or default under any provision of this Protective Order Addendum by the other party shall not be deemed to be a waiver of any subsequent or continuing breach of or default under such provision or of any other provisions

SIGNED this \_\_\_2\_\_\_ day of May 2006.

_____
David Folsom
United States District Judge

02815/00502 482860

4